IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PITTSBURG SNF LLC, et al., | § | |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| PHARMERICA EAST, INC., | § § | Case No. 2:10-CV-363-JRG-RSP |
| *Defendant and Third-Party Plaintiff,* | § § | |
| v. | § § § | |
| PHARMASTER, L.P., et al., | § § | |
| *Third-Party Defendants.* | § | |

## **MEMORANDUM ORDER**

Before the Court is PharMerica East, LLC's Motion to Join PharMaster, L.P., Peter Licari, Michael D'Arcangelo, William D. Jacobson, David C. Milling, PharMaster GP, LLC and Complete Healthcare Resources, Inc. as required parties under Federal Rule of Civil Procedure 19 (Dkt. No. 42, filed July 15, 2011). Because the Court finds that PharMerica has not met its burden of showing that these persons are necessary parties, PharMerica's motion is **DENIED**.

## **BACKGROUND**

This recitation of facts is drawn from Plaintiffs' Third Amended Complaint. The plaintiffs in this case are the owners and operators of 37 nursing homes in Texas. Third Am. Compl. ¶ 1, Dkt. No. 117. Plaintiffs acquired the nursing homes from Complete Healthcare Resources in 2008. Prior to the sale of the nursing homes in 2008, Complete Healthcare Resources (and the nursing homes) were owned by Peter Licari and Michael D'Arcangelo. *Id.* at ¶ 28. In 2005, Licari and D'Arcangelo formed the institutional pharmacy PharMaster, L.P. to

serve the pharmacy needs of the nursing homes' residents. *Id.* at ¶ 11 and 12. Each of the nursing homes entered into a pharmacy services agreement with PharMaster. *Id.*

Shortly after forming PharMaster, Licari and D'Arcangelo attempted to sell the PharMaster pharmacy business separately from the nursing homes. *Id.* at ¶ 13. However, no buyer was found. In order to make PharMaster more attractive to potential buyers, Licari and D'Arcangelo directed the nursing homes to enter into new pharmacy services agreements on terms that were much more favorable to PharMaster. *Id.* at ¶ 13-17. With the new pharmacy services agreements in hand, Licari and D'Arcangelo successfully sold the assets of PharMaster to PharMerica. *Id.* at ¶ 18. As part of the sale, PharMerica assumed the pharmacy services agreements with the nursing homes. *Id.* One of the requirements of the PharMerica transaction was that Licari and D'Arcangelo could not sell the nursing homes without requiring the buyers to assume the pharmacy service agreements. *Id.* at 13. Accordingly, Plaintiffs were required to assume the pharmacy services agreements with PharMerica when they acquired the nursing homes in 2008. *Id.* at ¶¶ 19 and 20.

In 2010, Plaintiffs filed suit against PharMerica as the successor in interest of PharMaster. Plaintiffs seek a declaratory judgment that the pharmacy services agreements are void on the grounds of illegality. *Id.* at ¶¶ 33-39. The agreements allegedly violate the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)), the False Claims Act (31 U.S.C. § 3729(a)), Texas Penal Code § 32.43, and public policy. Second, Plaintiffs seek to recover for PharMerica's breach of warranties and representations in the pharmacy services agreements. *Id.* at ¶¶ 40-42. Finally, Plaintiffs allege breach of the pharmacy service agreements on the grounds that PharMerica has failed to fully perform. *Id.* at ¶¶ 43-46.

## APPLICABLE LAW

Federal Rule of Civil Procedure 19(a) provides the standard for determining whether a person must be joined as a party. A person is a necessary party if they are subject to service of process, their joinder will not destroy the court's subject-matter jurisdiction, and "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). The party advocating joinder of a necessary party "has the initial burden of demonstrating that a missing party is necessary, after an 'initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

## DISCUSSION

PharMerica filed the instant motion to join PharMaster, L.P., Peter Licari, Michael D'Arcangelo, William D. Jacobson, David C. Milling, PharMaster GP, LLC, and Complete Healthcare Services, Inc. as necessary parties under Federal Rule of Civil Procedure 19(a). PharMerica argues that these persons are necessary under Rule 19(a)(1)(A) because Plaintiffs are challenging the validity of contracts to which these persons are parties, and therefore the Court cannot accord complete relief among the existing parties in their absence. Dkt. No. 42 at 1.

**A.     Asset Purchase Agreement**

PharMerica argues that Plaintiffs' challenges to the validity of the pharmacy services agreements implicate the validity of the asset purchase agreement by which PharMerica acquired

the assets of PharMaster and assumed the pharmacy services agreements. *Id.* at 6. Accordingly, PharMerica argues that the parties to the asset purchase agreement must be joined as necessary parties.

Plaintiffs respond that they are not challenging the asset purchase agreement and note that because Plaintiffs are not parties to that agreement, Plaintiffs lack standing to challenge the agreement. Dkt. No. 45 at 3-4. Plaintiffs argue that determining the validity of the asset purchase agreement is not necessary to the resolution of Plaintiffs' claims: "The fact that PharMerica and PharMaster entered into an Asset Purchase Agreement that may have documented PharMerica's kickback to PharMaster does not mean that the Asset Purchase Agreement must necessarily be deemed void or illegal in order for the Pharmacy Services Agreements to be illegal." Dkt. No. 45 at 6.

Neither party has presented the asset purchase agreement or the pharmacy services agreements to the Court. Based upon Plaintiffs' Third Amended Complaint, it appears to the Court that only the Plaintiffs and PharMerica are parties to the pharmacy services agreements. *See* Third Am. Compl. ¶ 41, Dkt. No. 117. After reviewing the complaint, the Court is not persuaded that the validity of the asset purchase agreement is at issue in this litigation. Therefore, the Court finds PharMerica has not shown that the parties to the asset purchase agreement are necessary parties to this case.

**B.     Assumption Agreements**

PharMerica argues that the parties to the assumption agreements are necessary parties because Plaintiffs are seeking a declaratory judgment that the assumption agreements are void. Dkt. No. 42 at.

Plaintiffs respond that "to the extent that the Court determines that the sellers are necessary parties in order to make any declarations concerning the Assumption Agreements,

Plaintiffs are ready and willing to dismiss any and all portion of their claims concerning the Assumption Agreements, with prejudice (and subject to the court granting Plaintiffs leave to do so, if necessary), as the declarations are not necessary in light of the fact that PharMerica and Plaintiffs are now each parties to the Pharmacy Services Agreements" Dkt. No. 45 at 8-9.

Since the filing of Plaintiffs' response, Plaintiffs have amended their complaint and no longer seek a declaratory judgment that the assumption agreements are void.  Accordingly, the Court finds that the parties to the assumption agreements are not necessary parties.

## CONCLUSION

Having found that validity of the asset purchase agreement is not at issue in this case, and that Plaintiffs have dropped their challenge to the assumption agreements, the Court finds that the parties to those agreements are not necessary parties under Federal Rule of Civil Procedure 19.  Therefore, PharMerica's motion is **DENIED**.

**SIGNED this 27th day of June, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE