IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PITTSBURG SNF LLC, et al., | § |
| *Plaintiffs,* | § § § |
| v. | § § |
| PHARMERICA EAST, INC., | § § Case No. 2:10-CV-363-JRG-RSP |
| *Defendant and Third-Party Plaintiff,* | § § |
| v. | § § § |
| PHARMASTER, L.P., et al., | § § |
| *Third-Party Defendants.* | § |

## **MEMORANDUM ORDER**

Before the Court is Third Party Defendants' motion to transfer venue to the District of Delaware (Dkt. No. 66, filed November 22, 2011). The Court finds that District of Delaware is not a clearly more convenient venue for the third party action. Accordingly, Third Party Defendants' motion is **DENIED**.

## BACKGROUND

This recitation of facts is drawn from Plaintiffs' Third Amended Complaint and PharMerica's Third Party Complaint. The plaintiffs in this case are the owners and operators of 37 nursing homes in Texas. Third Am. Compl. ¶ 1, Dkt. No. 117. Plaintiffs acquired the nursing homes from Complete Healthcare Resources in 2008. Prior to the sale of the nursing homes in 2008, Complete Healthcare Resources (and the nursing homes) were owned by Peter Licari and Michael D'Arcangelo. *Id*. at ¶ 28. In 2005, Licari and D'Arcangelo formed the institutional pharmacy PharMaster, L.P. to serve the pharmacy needs of the nursing homes' residents. *Id*. at ¶

11 and 12. Each of the nursing homes entered into a pharmacy services agreement with PharMaster. *Id.*

Shortly after forming PharMaster, Licari and D'Arcangelo attempted to sell the PharMaster pharmacy business separately from the nursing homes. *Id.* at ¶ 13. However, no buyer was found. In order to make PharMaster more attractive to potential buyers, Licari and D'Arcangelo directed the nursing homes to enter into new pharmacy services agreements on terms that were much more favorable to PharMaster. *Id.* at ¶ 13-17. With the new pharmacy services agreements in hand, Licari and D'Arcangelo successfully sold the assets of PharMaster to PharMerica. *Id.* at ¶ 18. As part of the sale, PharMerica assumed the pharmacy services agreements with the nursing homes. *Id.* One of the requirements of the PharMerica transaction was that Licari and D'Arcangelo could not sell the nursing homes without requiring the buyers to assume the pharmacy service agreements. *Id.* at 13. Accordingly, Plaintiffs were required to assume the pharmacy services agreements with PharMerica when they acquired the nursing homes in 2008. *Id*. at ¶¶ 19 and 20.

In 2010, Plaintiffs filed suit against PharMerica as the successor in interest of PharMaster. Plaintiffs seek a declaratory judgment that the pharmacy services agreements are void on the grounds of illegality. *Id*. at ¶¶ 33-39. The agreements allegedly violate the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)), the False Claims Act (31 U.S.C. § 3729(a)), Texas Penal Code § 32.43, and public policy. Second, Plaintiffs seek to recover for PharMerica's breach of warranties and representations in the pharmacy services agreements. *Id*. at ¶¶ 40-42. Finally, Plaintiffs allege breach of the pharmacy service agreements on the grounds that PharMerica has failed to fully perform. *Id*. at ¶¶ 43-46.

In 2011, PharMerica filed a third party complaint against PharMaster, L.P., PharMaster GP, LLC, Peter Licari, Michael D'Arcangelo, William D. Jacobson, and David C. Milling. Third Party Compl., Dkt. No. 56. PharMerica seeks contribution and indemnification from the Third Party Defendants for any damages awarded against PharMerica. *Id.* at ¶¶ 34-40. PharMerica also brings claims for breach of contract, breach of warranty, negligent misrepresentation, intentional misrepresentation, and fraud arising from Third Party Defendants' involvement in the sale of PharMaster's assets and the pharmacy services agreements to PharMerica. *Id.* at ¶¶ 41-67.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests

decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315.

## DISCUSSION

Third Party Defendants seek to transfer this third party action to the District of Delaware on the grounds that it is clearly the more convenient forum, and the asset sale agreement between the parties contains a forum selection clause requiring the parties to bring their claims in Delaware.

### A. Whether the Claims Could be Brought in the Transferee Forum

Although Third Party Defendants have not demonstrated to the Court that PharMerica's claims could have been brought in the District of Delaware, the parties do not dispute it. *See* Dkt. No. 75 at 4 n. 2. Therefore, the Court assumes that the claims could have been brought in the District of Delaware.

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

Third Party Defendants argue that most of the relevant documents are located at the offices of PharMaster and PharMaster GP in Dresher, Pennsylvania, or at the offices of their counsel in Philadelphia, Pennsylvania. Dkt. No. 66 at 10-11. PharMerica argues that most of the documents relevant to the third party action have already been produced in the original action. Dkt. No. 75 at 10. Therefore, transferring the third party action would result in the need to produce the documents not only in Texas in connection with the original action, but also in

Delaware. *Id.* Given the factual overlap between the original action and the third party action, the Court finds that it is likely that many of the same documents will have to be produced in two different forums if transfer is granted. Therefore, this factor weighs against transfer.

### 2. Availability of Compulsory Process to Secure the Attendance of Witnesses

Third Party Defendants argue that they are not aware of any potential non-party witnesses that reside in the Eastern District of Texas or within 100 miles of Marshall, and the District of Delaware holds subpoena power over more potential fact-witnesses than the Eastern District of Texas. Dkt. No. 55 at 11. PharMerica notes that Third Party Defendants have not identified a single third-party witness whose attendance at trial may be secured by the subpoena power of the Delaware court but not this Court. Dkt. No. 75 at 10-11. As for the remaining witnesses, PharMerica argues that to the extent they are officers, employees or agents of the parties, it is presumed that they will appear voluntarily. *Id.* Given that the parties have not identified any third-party witnesses for whom one court but not the other holds subpoena power, the Court finds that this factor is neutral.

### 3. Cost of Attendance for Willing Witnesses

Third Party Defendants argue that Delaware is clearly the more convenient forum for the witnesses. Individual defendants Peter Licari and Michael D'Arcangelo live within sixty miles of the District of Delaware, as does the lawyer that handled the sale of PharMaster's assets to PharMerica. Dkt. No. 66 at 8. The brokers that arranged the sale are based in Chicago, Illinois. *Id.* at 9. The lawyer that represented PharMerica in the PharMaster transaction is based in Boston, Massachusetts. *Id.* Finally, two lawyers that worked on the nursing home agreements are located in New York. *Id.* at 10.

PharMerica argues that Third Party Defendants fail to account for the fact that all but one of the identified witnesses are likely to testify in the original action, which will be held in Texas

no matter the outcome of this transfer motion. Dkt. No. 75 at 8-10. Therefore, it is certainly more inconvenient to have witnesses testify twice in two separate venues. *Id.* Third Party Defendants respond that PharMerica fails to account for the fact that the parties agreed, by including a forum selection clause in the asset purchase agreement, that Delaware is the only convenient forum to litigate this dispute, and that the witnesses' inconveniences "can be negated through time and money saving measures such as: the use of depositions rather than live testimony, entering stipulations, and handling pre-trial matters via telephone, email, or mail." Dkt. No. 83 at 4.

Given that the original action will proceed in Texas and there is substantial factual overlap between the original action and the third party action, transferring the third party action will likely require witnesses to travel to, and testify at, two different proceedings. The Court finds that this factor weighs against transfer.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

Third Party Defendants argue that there is no relevant delay or prejudice that would result from transferring the third party action. Dkt. No. 66 at 12. PharMerica argues that transfer will result in two trials, which will waste both the resources of the parties and the courts. Dkt. No. 75 at 11-12.

The Court has reviewed the live pleadings related to the original action and the third party action. It is clear to the Court that substantial overlapping issues of fact and law exist, and that it would be a waste of judicial resources, as well as the parties' resources, to maintain separate proceedings in different courts involving the same subject matter. Accordingly, this factor weighs against transfer.

5.  **Forum Selection Clause**

PharMerica acquired the assets of PharMaster and assumed PharMaster's interests in the pharmacy services agreements by way of the asset purchase agreement between PharMerica and some of the Third Party Defendants. The forum selection cause provides, in part, that:

> EACH OF THE PARTIES SUBMITS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT SITTING IN THE STATE OF DELAWARE IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, AGREES THAT ALL CLAIMS IN RESPECT OF THE ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN ANY SUCH COURT AND AGREES NOT TO BRING ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT IN ANY OTHER COURT . . . .

Asset Purchase Agreement § 10.15, Dkt. No. 66-1.

Third Party Defendants argue that the forum selection clause requires that the third party action be transferred to the District of Delaware for a number of reasons addressed in its brief. *See* Dkt. No. 66 at 6-7. PharMerica argues that the forum selection clause does not necessitate transfer, and that transfer is not appropriate given the relationship between the original action and the third party action. Dkt. No. 75 at 5-8.

The analysis required by section 1404(a) determines whether a federal court sitting in diversity should transfer a case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-32 (1988). A forum selection clause is not dispositive to this determination, but is instead "a significant factor that figures centrally in the district court's [section 1404(a)] calculus." *Id*. at 29. The forum selection clause indicates to the Court that the parties agreed that Delaware is an appropriate forum for resolving disputes between them. However, the Court is not persuaded that the parties intended to put themselves to the additional expense and burden of having to be involved in two proceedings far apart. Although the Court finds that the forum selection clause would

ordinarily weigh strongly in favor of transfer, in the unique posture of this case, the forum selection clause only weighs slightly in favor of transfer in light of the burdens it would impose.

**C.     Public Interest Factors**

    **1.     Administrative Difficulties Flowing From Court Congestion**

Third Party Defendants argue that congestion resulting from the recent retirements of several judges in this district would result in a longer time to trial than is available in Delaware. Dkt. No. 66 at 12.  Given the speedy appointment of replacement judges, and the schedule the Court has set in this case, the Court finds this factor is neutral.

    **2.     Local Interest in Having Localized Interests Decided at Home**

Third Party Defendants argue that Delaware has a stronger local interest in this case "because the allegations of wrongdoing are brought by a Delaware corporation, and the transaction on which these claims are based calls for the application of Delaware law by a court sitting in that state." Dkt. No. 66 at 12-13.  PharMerica responds that the Eastern District of Texas has a substantial local interest in the dispute.  At the center of the dispute is allegedly illegal conduct that injured the residents of 37 nursing homes in Texas, as well as the Eastern District of Texas. Dkt. No. 75 at 13-14.  Furthermore, several of the Third Party Defendants are either legal entities formed under Texas law, or are individuals who reside in Texas. *Id.*  The Court finds that this factor weighs strongly against transfer.

    **3.     Familiarity of the Forum with the Governing Law**

The resolution of this case will potentially involve the application or interpretation of Delaware contract law, federal law, and Texas criminal law.  Because neither Court is more skilled at applying all three areas of law, this factor is neutral.

### 4. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Third Party Defendants argue that the asset purchase agreement requires only the application of Delaware law. Dkt. No. 66 at 14. PharMerica argues that "to the extent any of the claims in the [third party action] arise out of or relate to the [asset purchase agreement], Delaware law will apply in either forum based on the choice-of-law provision. And to the extent the claims in the [third party action] exceed the scope of the forum-selection clause, Texas law will apply regardless of whether this case is transferred." Dkt. No. 75 at 15. The Court finds that this factor is neutral.

### CONCLUSION

Having considered all of the factors relevant to determining whether to transfer a case under 28 U.S.C. § 1404(a), the Court finds that the District of Delaware is not clearly the more convenient forum for the third party action in this case. PharMerica's motion is **DENIED**.

**SIGNED this 28th day of June, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE